# FILED

January 17 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0214

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 5N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ROBERT CARL BROWN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DC 10-08
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joslyn Hunt, Chief Appellate Defender; Lisa S. Korchinski, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Christopher Miller, Granite County Attorney, Philipsburg, Montana

Submitted on Briefs:  December 21, 2011

Decided:  January 17, 2012

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Carl Brown appeals from the judgment and sentence entered by the Third Judicial District Court, Granite County, convicting Brown of the offense of misdemeanor criminal mischief, in violation of § 45-6-101(1)(a) and (3), MCA, upon his nolo contendere plea. Brown was charged for his role in damaging automobiles belonging to four persons, including cutting the tires on a vehicle belonging to Darell McDonald. Brown raises several issues regarding the restitution he was ordered to pay to McDonald by the District Court.

¶3 McDonald lives in Phillipsburg and had purchased four new tires for his truck from a tire dealer in Missoula shortly before the incident giving rise to the charge in this case. Due to medical problems necessitating out-of-town appointments for which he needed prompt repairs for his vehicle, and upon a deputy's request that a damaged tire be taken apart by the Missoula tire dealer, McDonald made multiple trips to Missoula to coordinate replacement and repair of the tires. He requested restitution in the amount of $1,783.90, including tire damage and repair, travel costs, and $50 for a gratuitous reward he had paid to the citizen who called police upon observing Brown's actions, leading to

2

Brown's arrest. McDonald received reimbursement from his insurance company, Allstate, in the amount of $1,041.90. The District Court concluded that, after crediting McDonald with the insurance reimbursement, he was entitled to further restitution in the amount of $547.50, including reimbursement of the $50 reward, which the District Court characterized as "iffy."

¶4 Brown argues that McDonald was made whole by his insurance payment and that his request for additional restitution is an effort to collect twice for his damages. He argues that McDonald's trips to Missoula were excessive, McDonald failed to mitigate his damages, the District Court misapprehended the number of tires that needed to be replaced, and that the $50 reward was voluntary and not caused by the accident, citing *State v. Coluccio*, 2009 MT 273, 352 Mont. 122, 214 P.3d 1282.

¶5 "The appropriate measure of restitution is a question of law, which we review for correctness." *State v. Johnson*, 2011 MT 116, ¶ 13, 360 Mont. 443, 254 P.3d 578 (citation omitted). "In reviewing a district court's findings of fact as to the amount of restitution, our standard of review is whether those findings are clearly erroneous." *Johnson*, ¶ 13 (citation omitted).

¶6 We agree with Brown that because the $50 reward was made gratuitously after Brown had been arrested, it was not caused by Brown's criminal behavior and was improperly included in the restitution amount. As to the remainder of Brown's arguments, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.

3

Having reviewed the briefs and the record on appeal, we conclude that the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶7    Affirmed in part, reversed in part, and remanded for entry of an amended judgment striking the $50 reward from the restitution obligation.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON

4